ESTATE OF HARRIS: FIRST NATIONAL BANK OF MADISON, Executor, and others, Appellants, v. HARRIS, Respondent.

*May 5—June 2, 1959.*

418

For the appellant First National Bank of Madison there was a brief by *Stroud, Stebbins & Stroud* of Madison, and oral argument by *Donald R. Stroud*.

For the appellants Mary Margaret Murphy and Josephine H. Schuele there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *F. Halsey Kraege*.

For the respondent there was a brief by *Schubring, Petersen, Sutherland & Axley* and *F. D. Shuttleworth,* all of Madison, and oral argument by *Mr. Arnold R. Petersen* and *Mr. Shuttleworth*.

BROADFOOT, J. The agreement consisted of eight numbered paragraphs, of which the most important are as follows:

"1. The party of the second part shall receive and accept from the estate of the party of the first part, upon his decease, and the party of the first part agrees to provide for the benefit of the party of the second part, if she shall survive the party of the first part as his widow, but only so long as the party of the second part shall remain unmarried, one third of the net annual income from the net property and assets of the party of the first part remaining upon his decease and which shall be held in trust, not to exceed Three Thousand Dollars ($3,000) but to be not less than Eighteen Hundred Dollars ($1,800) in each year, but in the event that such one third of net income shall not be as much as Eighteen Hundred Dollars ($1,800) in any year the deficiency to make up that amount shall be provided out of principal.

"2. So long as the party of the second part shall live, or so long as she shall remain the lawful wife of the party of the first part, the latter will provide for the party of the second part a suitable home and support, and in addition thereto

from time to time such luxuries as the party of the first part may consider proper under the conditions then prevailing."

The claim was based upon the language contained in paragraph 2. It was the contention of the claimant in county court, and is her contention here, that paragraph 1 contained an obligation on the part of Mr. Harris to provide the amount therein stated by will and that his obligation under paragraph 2 was to provide in addition a sum sufficient for a suitable home and support and some luxuries.

It is the contention of the appellants that paragraph 1 fixed the obligation of Mr. Harris after his death and that paragraph 2 referred only to what he would do during his lifetime.

The county judge gave two reasons for his determination. He felt that because of the size of the estate Mrs. Harris gave up far greater monetary advantages that would have been hers as widow than she will receive under the agreement. Further, that the agreement was prepared by counsel for the husband and therefore it should be construed strictly against the estate and liberally in favor of the widow.

We do not consider that the first reason has merit. It is obvious that there were considerations other than monetary that caused the claimant to sign the agreement. The second reason advanced by the county judge is one recognized in the law but it is not the primary and fundamental rule in construing such an agreement. Antenuptial agreements are to be construed the same as other contracts. *Oesau v. Estate of Oesau,* 157 Wis. 255, 147 N. W. 62; 41 C. J. S., Husband and Wife, p. 574, sec. 102. The intention of the parties governs and that is to be determined from the language of the instrument considered as a whole. If that cannot be ascertained then other rules of construction may be applied. In our opinion the intention of the parties can be determined within the four corners of the agreement

and it is unnecessary to invoke any other rules of construction.

It is clear to us from a reading of the entire agreement that at the time of its execution the parties had three contingencies in mind: (1) The death of Mr. Harris during the marriage; (2) the death of Miss Johnson during the marriage; (3) divorce. Paragraph 1 provides for the first contingency. Paragraph 2 was designed to cover the other two contingencies. Claimant admits that the second clause of paragraph 2 is some limitation upon the first clause thereof, but contends that the parties were concerned only with whether the contemplated marriage would be successful and was designed to cover the third contingency only.

Paragraph 1 makes provision for the claimant as widow. Paragraph 2 makes provision for her as the lawful wife of Mr. Harris. Paragraph 3, which we have not set out herein, provides that the claimant accepts the obligations of Mr. Harris and his estate to her in lieu of any rights which claimant would otherwise have as the wife or widow of Mr. Harris. The last clause of paragraph 2 must also be read in connection with the balance of the paragraph and it is clear that the luxuries therein mentioned could only be provided by Mr. Harris during his lifetime. Paragraph 2 dealt with the obligation of Mr. Harris personally during the marriage of the parties. The only obligation of the estate is under paragraph 1 and this obligation has been satisfied by a more-generous provision for the claimant in the last will and testament of Mr. Harris. We can only conclude, therefore, that Mrs. Harris has no claim upon the estate such as she has asserted.

*By the Court.*—Judgment reversed. Cause remanded with directions to disallow the claim.

MARTIN, C. J., took no part.